UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|                                           |   |                              |
|-------------------------------------------|---|------------------------------|
| BETH MARTEL,                              |   |                              |
|         PLAINTIFF,                        |   |                              |
|                                           |   |                              |
| v.                                        |   | Civil Action No. 3:13-cv-1785 |
|                                           |   |                              |
| ALLIANCE ASSET MANAGEMENT, INC.,          |   |                              |
|         DEFENDANT                         |   |                              |

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA").

**VENUE**

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

**PARTIES**

6. The Plaintiff, Beth Martel ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Alliance Asset Management, Inc. ("Defendant") is an Illinois corporation operating from Wood Dale, Illinois.

8. Upon information and belief, the Defendant is not registered with the Texas Secretary of State as a foreign corporation.

9. The Defendant can be served via its registered agent, Patrick J. Hart, at 330 Georgetown #107, Wood Dale, IL 60191.

10. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. The Defendant is a bonded collection agency in the state of Texas.

12. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

13. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

14. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. The Account allegedly went into default with the original creditor.

17. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.


18. The Plaintiff disputes the Account.

19. The Plaintiff requests that the Defendant cease all further communication on the Account.

20. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

21. The Defendant acted at all times mentioned herein through its employee(s).

22. Beginning on or about January 17, 2013, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff at the Plaintiff's place of employment and left messages for the Plaintiff at Plaintiff's place of employment and talked with Plaintiff's co-workers.

23. As of January 30, 2013, Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant have made more than fifteen telephone calls to the Plaintiff at Plaintiff's place of employment, including, but not limited to the following dates and times:

   a. January 17, 2013 at 10:06 a.m.
   b. January 22, 2013 at 8:26 a.m.
   c. January 22, 2013 at 9:00 a.m.
   d. January 22, 2013 at 2:40 p.m.
   e. January 22, 2013 at 2:43 p.m.
   f. January 22, 2013 at 6:16 p.m.
   g. January 22, 2013 at 6:17 p.m.
   h. January 26, 2013 at 8:58 a.m.
   i. January 26, 2013 at 8:59 a.m.
   j. January 28, 2013 at 8:15 a.m.
   k. January 28, 2013 at 11:51 a.m.
   l. January 29, 2013 at 8:13 a.m.
   m. January 29, 2013 at 11:19 a.m.
   n. January 30, 2013 at 8:07 a.m.
   o. January 30, 2013 at 11:14 a.m.

      p.      January 30, 2013 at 2:23 p.m.

24. On or about January 17, 2013, when Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made the first telephone call to the Plaintiff at Plaintiff's place of employment, the Plaintiff informed the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant that the Plaintiff was not allowed to receive calls at her place of employment and that while she was at her place of employment it was an inconvenient time and place for the Plaintiff to receive phone calls and the Plaintiff instructed the Defendant not to call her at her place of employment.

25. After the Plaintiff instructed the Defendant to stop calling her at her place of employment, Defendant placed no less than fifteen more calls to the Plaintiff at her place of employment, including six calls on January 22, 2013.

26. During one or more of the calls to the Plaintiff's place of employment, the defendant and/or representative, employee(s) and/or agent(s) of the Defendant disturbed and communicated with the plaintiff's co-workers.

27. The Defendant's purpose for these telephone call(s) and message(s) was to attempt to collect the Account.

28. The telephone call(s) and message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone call(s) and message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

31. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

32. The only reason that the Defendant and / or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

33. In January 2013, while attempting to collect the Account the Defendant left message(s) for the Plaintiff that did not provide meaningful disclosure of the caller's identity as required by 15 U.S.C. § 1692d(6) and/or did not provide the language required by 15 U.S.C § 1692e(11).

34. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692c(a)(1)&(3).

35. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692c(b).

36. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute harassment or abuse and violate 15 U.S.C. § 1692d(5)&(6).

37. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

38. The Defendant has been accused by other consumers of substantially similar conduct.  *See* <u>Sanchez v. Alliance Asset Management</u>, No. 7:13-cv-00020 (N.D. Tex. Filed Mar. 12, 2013) (alleging, among other things, that the defendant, when told to stop calling the consumer at work, continued calling the consumer at work).

39. All of the acts and/or omissions of the defendant described herein were done knowingly.

40. All of the acts and/or omissions of the defendant described herein were done intentionally.

## **RESPONDEAT SUPERIOR**

41. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

42. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

43. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

44. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

45. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

46. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

47. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

48. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(a)(1), 15 U.S.C. § 1692c(a)(3), 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692d(5), 15 U.S.C. § 1692d(6), and 15 U.S.C. § 1692e(11).

51. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE

52. The previous paragraphs are incorporated into this Count as if set forth in full.

53. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.302(4).

54. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

55. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion).  Defendant intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

56. The Plaintiff suffered actual damages as a result of Defendant's intrusion.

## JURY TRIAL DEMAND

57. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

58. Judgment in favor of the Plaintiff and against the Defendant.

59. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

60. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

61. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

62. Damages pursuant to Tex. Fin. Code § 392.403.

63. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403.

64. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Jeff Wood, Esq.
ArkBN: 2006164
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  615-628-7128
FAX:  615-807-3344
EMAIL:  jeff@mmlaw.pro

Of counsel to:

McClendon & Milligan
PO Box 828
Franklin, TN  37065-0828